**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

LUIS CANDELARIO,

   *Plaintiff,*

     v.                                    CIV. NO. 10-1463 (PG)

METROPOLITAN   LIFE   INSURANCE
COMPANY   (METLIFE),   WYETH
PHARMACEUTICALS COMPANY,

   *Defendants.*

## OPINION AND ORDER

Defendants Metropolitan Life Insurance Company ("MetLife") and Wyeth Pharmaceutical Company ("Wyeth") seek reconsideration from the Court's previous Opinion and Order (Docket No. 26) denying their motion for summary judgment (Docket No. 13). In their motion for reconsideration (Docket No. 27), Defendants aver the Court committed three distinct manifest errors of law in determining that material issues of fact persisted which precluded dismissal of Plaintiff Luis Candelario's complaint on period of limitations grounds. Namely, Defendants argue the Court stumbled in determining that: (1) an explanation surrounding how final eligibility determinations for plan benefits was needed; (2) Defendants were the plan administrators and breached regulatory disclosure requirements; and (3) that Plaintiff had made a prima facie showing of "equitable estoppel." The Court will **DENY** the motion as to points one and two, but for the following reasons, will **GRANT** the motion as to point three. After careful deliberation, the Court ultimately determines that Plaintiff's suit is time-barred and that summary judgment should be granted in Defendants' favor.

## I. BACKGROUND

The Court recounts the following factual narrative which it has gathered from the parties' filings and the record as a whole. These facts are the ones the Court deems relevant for the purposes of resolving Defendants' motion for reconsideration.

Plaintiff was an employee of Wyeth. Said company maintained an employee welfare plan for its employees that is regulated by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et. seq.* This

plan provides for the payment of LTD benefits to participants who become disabled, as that term is defined by the plan, and meet all other requirements. LTD benefits are provided through a group insurance policy issued by MetLife. Plaintiff alleges that on February of 1999, he suffered an accident that physically and mentally incapacitated him. Around that time, Plaintiff requested LTD benefits under the group policy.[1] On September 27, 2000 MetLife issued a decision denying coverage to Plaintiff under the terms of the plan. Plaintiff apparently appealed this decision on November 17, 2000 but MetLife decided to uphold it, notifying Plaintiff via letter dated January 16, 2001. Plaintiff contends that this decision was "arbitrary, unfounded, and in violation of the terms of the policy and the law." (Compl. ¶10). The letter failed to apprise Plaintiff of his right to seek judicial review of MetLife's decision.

Nearly nine years later, around November of 2009, Plaintiff wrote a letter to MetLife's offices in San Juan and Oriskany, New York seeking to obtain a copy of his LTD benefits claim before MetLife. On November 5, 2009 Plaintiff received a response from Ms. Laura D. Smith, an "LTD Unit Leader" at MetLife Disability, who informed Plaintiff that his claim was closed in 1999 and that the period of retention for said claim had been exhausted. As such, Smith informed Plaintiff that his claim file had been destroyed and that it was now impossible for MetLife to provide him with a copy of it.

On May 27, 2010, Plaintiff filed the instant action under ERISA §502(a)(1)(B) seeking to recover the LTD benefits he claims he was due under the group policy. (Docket No. 1). On August 31, 2010 Defendants filed a motion for summary judgment positing that said policy has a three-year contractual limitations period for legal actions to recover LTD benefits and that the limitations period commenced on January 1, 2000 and concluded on January 1, 2003. (Docket No. 13). Plaintiff opposed the motion and retorted that Defendants never provided him with a copy of the plan, the Summary Plan Description (SPD), or any other document regarding his rights, appeal procedures and/or time limitation periods under the

---

[1] Plaintiff has not pinpointed the exact date he requested the benefits, the record only shows that on September 8, 2009 Plaintiff sent a fax to MetLife requesting a copy of his "Record of Long Term Disability." (Docket No. 19-1, at 4-5).

plan. (Docket No. 14). As such, Plaintiff argued Defendants should be equitably estopped from relying on the contractual limitations period as a defense or in the alternative, that the contractual limitations period should be tolled due to Defendants' failure to furnish him with the required disclosures.[2] In its Opinion and Order the Court denied Defendants' motion for summary judgment, ruling that Plaintiff had made a prima facie showing of equitable estoppel. (Docket No. 26).

Defendants timely filed a motion for reconsideration, arguing the Court erred in determining that: (1) an explanation surrounding how final eligibility determinations for plan benefits was needed; (2) Defendants were the plan administrators and breached regulatory disclosure requirements; and (3) that Plaintiff had made a prima facie showing of "equitable estoppel." (Docket No. 27). Plaintiff opposed the motion (Docket No. 30) and also filed an informative motion containing the recent First Circuit opinion in Ortega Candelaria v. Orthobiologics LLC, 661 F.3d 675, 679 (1st Cir. 2011)(Docket No. 31). Defendants filed a reply thereto. (Docket No. 37). After reviewing these submissions and the pertinent law, the Court will **DENY** the motion as to claims of error one and two, but will **GRANT** the same as to claim three. For the reasons that follow, and in light of the First Circuit's opinion in Ortega Candelaria, the Court will revisit its ruling determining that Plaintiff has advanced enough facts to make a prima facie showing of equitable estoppel or equitable tolling.

## II. STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure preserves the district court's right to alter or amend a judgment after it is issued. Fed. R. Civ. P. 59(e). Motions to alter or amend an order or a judgment are appropriate where they involve reconsideration of matters properly encompassed in the decision on the merits. See White v. New Hampshire Department of Employment, 455 U.S. 445, 451 (1982). The case law acknowledges the following four grounds that justify altering or amending an order or a judgment: (1) to incorporate an intervening change in law; (2) to reflect new evidence not available at the time of trial; (3) to

---

[2] Plaintiff in his pleadings argues for the doctrines of "equitable tolling" and "equitable estoppel" interchangeably.

correct a clear legal error; and (4) to prevent a manifest injustice. See Landrau-Romero v. Banco Popular de Puerto Rico, 212 F. 3d 607 (1st Cir. 2000); Zimmerman v. City of Oakland, 255 F. 3d 734 (9th Cir. 2001); and Servants of Paraclete v. Does, 204 F. 3d 1005 (10th Cir. 2000). Thus, for example, a Rule 59(e) motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. at 1012; See also Continental Casualty Co. v. Howard, 775 F. 2d 876 (7th Cir. 1985), cert. denied, 475 U.S. 1122 (1986).

### III. DISCUSSION

In his opposition to Defendants' motion for summary judgment as well as his opposition to Defendants' motion for reconsideration, Plaintiff interchangeably invokes the doctrines of equitable estoppel and equitable tolling against Defendants. He invariably suggests that the three-year period of limitations should not be enforced against him as Defendants failed to furnish him with any information reflecting his right to appeal the adverse determination taken against his LTD benefits claim in 2001. Defendants, on their part, argue that neither doctrine is applicable, and point to Plaintiff's failure to identify any definite misrepresentation on their part meant to entice him to miss the filing deadline. They also point to Plaintiff's lack of diligence in prosecuting his claims, as his lawsuit comes more than seven years after the contractual limitations period expired.

The Court will thus analyze the issues to determine whether Plaintiff is entitled to equitable estoppel or equitable tolling. Since the First Circuit has repeatedly noted that the doctrines of equitable estoppel and equitable tolling are distinct, albeit closely related, the Court will evaluate them separately. See Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 71 (1st Cir. 2005); and Benítez-Pons v. Com. Of Puerto Rico, 136 F.3d 54, 61 (1st Cir. 1998).

### A. Equitable Estoppel

A plaintiff who knows of his cause of action but reasonably relies on a defendant's conduct or statements in failing to bring suit may be entitled to equitable estoppel. Ramírez-Carlo v. United States, 496 F.3d 41, 48 (1st Cir. 2007). In order to make a showing of equitable estoppel

the party seeking the estoppel must establish that: (1) the party to be estopped made a "definite misrepresentation of fact to another person having reason to believe that the other [would] rely upon it"; (2) the party seeking estoppel relied on the misrepresentations to its detriment; and (3) the "reliance [was] reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." Id. at 49 (citing Heckler v. Community Health Services, 467 U.S. 51, 59. (1984)). A plaintiff must present evidence showing that the defendant had an "improper purpose" or "constructive knowledge of the deceptive nature of his conduct in the form of some definite, unequivocal behavior fairly calculated to mask the truth or to lull an unsuspecting person into a false sense of security." Ortega Candelaria, 661 F.3d 675, 679 (1st Cir. 2011)(citing Vera v. McHugh, 622 F.3d 17, 30 (1st Cir. 2010))(internal quotations omitted).

     In this case, nothing in the record supports the assertion that Defendants made a "definite misrepresentation of fact" or engaged in unequivocal, intentionally deceptive conduct aimed at dissuading Plaintiff from filing within the three-year limitations period. In Ortega Candelaria, the First Circuit was reticent to conflate a plan administrator's failure to provide the requisite disclosures to a plan beneficiary with a deliberate misrepresentation meant to encourage the beneficiary to miss the filing deadline, absent any "credible allegation" to the contrary. There, the plaintiff was not informed of his right to sue after defendant rejected his claim for benefits. He was not even informed of the fact that the plan in his case had been amended to include a limitations period of one year, even though he had requested a copy of the plan barely four weeks before. The court held that such behavior was not enough to constitute the "active steps to sabotage [a plaintiff's] suit" needed to advance a claim of equitable estoppel. Id. at 679. Although Plaintiff in this case claims that Defendants employed a "practice" of not furnishing their employees with copies of the LTD plan, he provides no evidence of this other than his own say-so and two sworn statements of former co-workers who claim they could not remember whether they were provided with copies of the plan. The Court is thus hesitant to find that these allegations are enough to create a genuine issue of material fact as to whether Defendants made any definite

misrepresentations of fact. Therefore, it finds Plaintiff's equitable estoppel argument to be unavailing. See City of Hope Nat. Medical Center v. HealthPlus, Inc., 156 F.3d 223, 229 (1st Cir. 1998)(stating that the party to be charged with equitable estoppel "must make a definite misrepresentation of fact to another person."(internal quotations, citations and brackets omitted)).

## B. Equitable Tolling

Equitable tolling is a "sparingly invoked doctrine" that is available only when its proponent can establish "that extraordinary circumstances beyond his control prevented a timely filing or that he was materially misled into missing the deadline." Ortega Candelaria, 661 F.3d 675, 679-80 (1st Cir. 2011)(citing Dawoud v. Holder, 561 F.3d 31, 36 (1st Cir. 2009) and Trenkler v. United States, 268 F.3d 16, 25 (1st Cir. 2001)). It is an "extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." Veltri v. Building Service 32B-J Pension Fund, 393 F.3d 318, 322 (2nd Cir. 2004). Moreover, it will only suspend the running of the limitations period "if the plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to [his claim]." Ortega Candelaria, 661 F.3d at 679-80. A lack of diligence "weighs strongly against tolling the limitations period." Clark v. NBD Bank, N.A., 3 Fed. Appx. 500, 505 (6th Cir. 2001). Courts must apply equitable tolling on a case by case basis and avoid mechanical rules in order to promote flexibility. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010).

In Ortega Candelaria, the First Circuit found that Defendants had materially misled Plaintiff into missing the filing deadline by not informing him of his right to sue after they denied his initial claim for benefits. As here, that court found that Defendants violated their regulatory duty by not informing Plaintiff about his plan's review procedures, the time limits applicable to those procedures, and his right to bring a civil action under ERISA. Ortega Candelaria, 661 F.3d at 680 (citing 29 C.F.R. § 2560.503-1(g)(1)(iv)). The court also reminded the parties that in "appropriate circumstances" lack of notice may give rise to equitable tolling. Id. at 681. (citing Baldwin Cty. Welcome Ctr. v.

<u>Brown</u>, 466 U.S. 147, 151 (1984)). However, the appellate panel also emphasized that plaintiff had shown reasonable diligence; he had requested a copy of the most current version of the plan toward the end of his appeal and before he filed suit in federal court. <u>Id</u>. As the copy of the plan he was provided did not contain a limitations period, the court found that plaintiff was under the reasonable impression that Puerto Rico's 15-year residual limitations period applied.

The instant case before the Court is different, however. Here, Plaintiff has failed to allege any fact aimed at establishing reasonable diligence on his part. Following the denial of his claim for benefits in 2001, he never requested a copy of the plan policy or at least a SPD. Almost nine years after this event, for some unknown reason it dawned on Plaintiff to contact MetLife's offices in the hopes of obtaining a copy of his claim file. But by then, it was too late, his claim file had already been destroyed due to the length of time which had elapsed from its closing. Although Plaintiff argues that like the plaintiff in <u>Ortega Candelaria</u> he too was under the reasonable impression that he had 15 years to file suit, this is a false comparison. The plaintiff in <u>Ortega Candelaria</u> reasonably believed that the 15 year statute of limitations applied because the copy of the plan he requested contained no limitations period. And even though he thought he had 15 years to sue, the plaintiff in that case filed suit almost four years after the denial of his claim for benefits. Here, Plaintiff made no effort to obtain a copy of the plan and he waited almost nine years after the denial of his claim for benefits to file suit.[3] Thus, he is on different footing than the plaintiff in <u>Ortega Candelaria</u>. <u>See also</u> <u>Baldwin</u>, 466 U.S. at 151 ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.")

Moreover, when evaluating whether equitable tolling proceeds courts must also take into account the degree to which the delay prejudices the defendant. <u>Kale v. Combined Ins. Co. of America</u>, 861 F.2d 746 (1st Cir.

---

[3] As mentioned earlier, in his complaint Plaintiff expresses that the denial of his claim for benefits was "arbitrary, unfounded, and in violation of the terms of the policy and the law." (Compl. ¶10). It is unclear to the Court how Plaintiff is certain that the denial of his claim was "in violation of the terms of the policy" if as he says he never had a copy of the policy in the first place.

Civil No. 10-1463 (PG)                                         Page 8

1988). Here, Defendants have made an adequate showing of prejudice by pointing out the amount of time that has elapsed since plaintiff's injury-eleven years-and the fact that the claim file in this case has been destroyed. Defendants warn the Court will be in a tenuous position when reviewing the administrative denial of Plaintiff's claim, due to the destruction of the claim file. Moreover, they suggest that at this point in time it would be extremely prejudicial to gather evidence about events that transpired more than a decade ago. The Court is in agreement with these assessments and thus finds that Defendants have made an adequate showing of prejudice.

   The court should also point out that Defendants briefed their argument that Plaintiff had not acted with reasonable diligence several times in their pleadings for reconsideration. Plaintiff never addressed these arguments in any of his pleadings, nor did he refute Defendants' showing of prejudice stemming from the destruction of the claim file. The Court construes this as Plaintiff waiving any objection to these arguments. Hence, the Court finds that the circumstances of this case weigh heavily against granting the "extraordinary measure" that is equitable tolling. As the Court has also decided that equitable estoppel is not applicable to this case, it is clear that Plaintiff's judicial suit for LTD benefits is untimely and must be dismissed accordingly.

### IV. CONCLUSION

   For the reasons expounded above, Defendant's motion for reconsideration is **GRANTED IN PART AND DENIED IN PART.** The Court finds that Plaintiff's suit is untimely, and therefore it must **GRANT** Defendants' Motion for Summary Judgment and **DISMISS** the complaint **WITH PREJUDICE.**

   **IT IS SO ORDERED**

   In San Juan, Puerto Rico, May 22, 2012.

                              *s/ Juan M. Pérez-Giménez*
                              **JUAN M. PEREZ-GIMENEZ**
                              **SENIOR U.S. DISTRICT JUDGE**